IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH LEE RINEHART SR., as Special Administrator of the Estate of Joseph Rinehart, Jr., Deceased, | ) ) ) | 4:14CV3086 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF FRANKLIN, a body politic and corporate d/b/a FRANKLIN COUNTY MEMORIAL HOSPITAL, and d/b/a FRANKLIN COUNTY MEMORIAL HOSPITAL POOL MEDICAL CLINIC; DANIEL E. MAZOUR, M.D.; and TONDA MATTISON, R.N.; | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This is a wrongful death action "brought pursuant to the Nebraska Hospital-Medical Liability Act (NMHLA)[1] and the Nebraska Political Subdivisions Tort Claims Act."[2] (Complaint (Filing No. 1), ¶ 6.) The plaintiff, a Wisconsin resident, was appointed as a special administrator for the estate of his deceased infant son by the County Court for Franklin County, Nebraska, "for the sole purpose of pursuing a claim for wrongful death and for distributing the proceeds as a result of the claim." (*Id.*, ¶ 7.) It is alleged that the plaintiff's decedent was brought to the Franklin County Memorial Hospital on April 30, 2012, with life-threatening internal injuries that were not identified and treated by Daniel E. Mazour, M.D., and Tonda Mattison, R.N., who were hospital employees "acting within the scope of [their] authority." (*Id.*, ¶¶ 12-27.)

---

[1] Neb. Rev. Stat. §§ 44-2801 to 44-2855.

[2] Neb. Rev. Stat. §§ 13-901 to 13-928.

Named as defendants are Dr. Mazour, Nurse Mattison, and "County of Franklin, a body politic and corporate d/b/a Franklin County Memorial Hospital, and d/b/a Franklin County Memorial Hospital Pool Medical Clinic." (*Id.*, caption, ¶¶ 9-11.)

Several matters are before me for review and determination, but as a threshold issue I must address a contention raised in a motion to dismiss (Filing No. 14) that subject matter jurisdiction is lacking. *See In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013) ("Federal courts generally must address Article III subject-matter jurisdiction before reaching a non-jurisdictional question ...."); *Arkansas Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009) ("[A] court may not assume 'hypothetical jurisdiction' to decide 'contested questions of law when its jurisdiction is in doubt.'") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction.").

Diversity jurisdiction exists only if the amount in controversy exceeds $75,000 and "the matter [ ] is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff is alleged to be "a resident of the State of Wisconsin" (Filing No. 1, ¶ 7), but "[f]or the purposes of this section ... the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ...." 28 U.S.C. § 1332(c)(2). Thus, if the plaintiff is prosecuting this action as the legal representative of the decedent's estate, diversity is lacking and the court does not have subject matter jurisdiction.

Under Nebraska law, a wrongful death action "shall brought by and in the name of the [decedent's] personal representative *for the exclusive benefit of the widow or widower and next of kin*." Neb. Rev. Stat. § 30-810 (emphasis supplied). "A special administrator appointed by order of the court in any formal proceeding has the power of a personal representative except as limited in the appointment and duties as prescribed in the order." Neb. Rev. Stat. § 30-2460.

In *Steinlage ex rel Smith v. Mayo Clinic Rochester*, 435 F.3d 913 (8th Cir. 2006), the Eighth Circuit ruled that § 1332(c)(2) does not apply to a wrongful death action if the estate does not stand to benefit from the suit. The Minnesota wrongful death statute at issue in *Steinlage* provided for the appointment of a trustee to recover damages for the exclusive use of the surviving spouse and next of kin, but the Court of Appeals observed that even "under prior law, when a personal representative of the decedent could bring a Minnesota wrongful death action, the personal representative did not do so as a representative of *the decedent's estate*, but rather, as a representative of the wrongful death beneficiaries." *Id.* at 916 (emphasis in original). This is what Nebraska law provides.

The language of § 30-810 "limits a wrongful death recovery to the loss suffered by a decedent's next of kin and ... provides no basis upon which to recover a decedent's own damages." *Corona de Camargo v. Schon*, 776 N.W.2d 1, 8 (Neb. 2009). "Consistent with the fact that wrongful death recovery is for injuries suffered solely by the next of kin, § 30-810 allows that '[s]uch amount shall not be subject to any claims against the estate of such decedent.'" *Id.*

I therefore conclude that the plaintiff is not acting "the legal representative of the estate of a decedent" in this action, and that diversity is not destroyed by reason of § 1332(c)(2). The jurisdictional issue is not fully resolved, however, because an allegation in the complaint is irregular. As previously stated, the plaintiff alleges that he is a "resident" of Wisconsin, as opposed to a "citizen" of that State.

"When it comes to diversity jurisdiction, the words 'resident' and 'citizen' are not interchangeable." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). "Citizenship requires permanence." *Id.* at 778. The Fourteenth Amendment establishes that United States citizens are "citizens ... of *the* State wherein they *reside*." U.S. Const. amend. XIV, § 1 (emphasis added). "To 'reside'—in contrast to the related and less precise word 'resident'—means to 'have one's *permanent home* in a particular place." *Id.* (emphasis in original) (quoting *New Oxford American*

*Dictionary* 1485 (3d ed. 2010)). "The Fourteenth Amendment's reference to 'the' singular 'State' further demonstrates one may reside in, and thus be a citizen of, only one state." *Reece*, 760 F.3d at 778. "By contrast, one may be a resident of multiple states in addition to the state of citizenship." *Id.* "Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—[a federal court] cannot satisfy [itself] that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state." *Id.*

I will not require (or allow) the plaintiff to file an amended complaint because it could create unnecessary confusion and cause further delay.[3] I will instead direct the plaintiff to file a sworn affidavit or a declaration made under penalty of perjury, *see* 28 U.S.C. § 1746, establishing which State he was a citizen of when this action was commenced. *See Reece*, 760 F.3d at 777 (diversity of citizenship determined at time of commencement of suit).

Accordingly,

IT IS ORDERED that, within fourteen (14) days of today's date, the plaintiff shall file a sworn affidavit or a declaration made under penalty of perjury establishing which State he was a citizen of when this action was commenced. Failure to comply with this order may result in the dismissal of this action without further notice.

March 2, 2015.                                    BY THE COURT:

                                                 s/ *Richard G. Kopf*
                                                 Senior United States District Judge

---

[3] In addition to the motion to dismiss which was filed by the hospital, Dr. Mazour, and Nurse Mattison pursuant to Rules 12(b)(1),(5), and (6), pending matters include a motion for summary judgment by the county, an objection by the plaintiff to a magistrate judge's order denying discovery, two motions by the plaintiff for leave to amend, which the magistrate judge has recommended be denied, and the plaintiff's objections to the magistrate judge's findings and recommendations.