IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH LEE RINEHART SR., as | ) | 4:14CV3086 |
| Special Administrator of the Estate of | ) | |
| Joseph Rinehart, Jr., Deceased, | ) | |
| | ) | MEMORANDUM |
| Plaintiff, | ) | AND ORDER |
| v. | ) | |
| | ) | |
| COUNTY OF FRANKLIN, | ) | |
| a body politic and corporate d/b/a | ) | |
| FRANKLIN COUNTY MEMORIAL | ) | |
| HOSPITAL, and d/b/a FRANKLIN | ) | |
| COUNTY MEMORIAL HOSPITAL | ) | |
| POOL MEDICAL CLINIC, | ) | |
| DANIEL E. MAZOUR, M.D., and | ) | |
| TONDA MATTISON, R.N., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a diversity action brought under the Nebraska Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. §§ 13-901 to 13-928. The plaintiff, a citizen of Wisconsin, was appointed as a special administrator for the estate of his deceased infant son by the County Court of Franklin County, Nebraska, "for the sole purpose of pursuing a claim for wrongful death and for distributing the proceeds as a result of the claim" (Complaint (Filing No. 1), ¶ 7).

It is alleged that the plaintiff's decedent was brought to the Franklin County Memorial Hospital on April 30, 2012, with life-threatening internal injuries that were not identified and treated by Daniel E. Mazour, M.D., and Tonda Mattison, R.N., who

were hospital employees "acting within the scope of [their] authority" (*id.*, ¶¶ 12-27).[1] Named as defendants are Dr. Mazour, Nurse Mattison, and "County of Franklin, a body politic and corporate d/b/a Franklin County Memorial Hospital, and d/b/a Franklin County Memorial Hospital Pool Medical Clinic" (*id.*, caption & ¶¶ 9-11).

The plaintiff alleges that he complied with the notice requirements of the PSTCA[2] by mailing claims to the hospital administrator and Dr. Mazour and filing copies of the claims with the county clerk (*id.*, ¶¶ 28-30). It is alleged that after the county failed to act on the tort claim within 6 months, and before suit was filed, the plaintiff served withdrawal notices[3] on the county clerk, the county attorney, Dr. Mazour, and the hospital administrator (*id.*, ¶¶ 31, 32). The action was commenced in this court on April 29, 2014.

## I. PROCEDURAL BACKGROUND

On June 24, 2014, "the Defendants, Franklin County Memorial Hospital (the 'Hospital'), Daniel E. Mazour, M.D., and Tonda Mattison, R.N.," filed a motion to

---

[1] "[W]here a claim against an employee of a political subdivision is based upon acts or omissions occurring within the scope of employment, it is governed by the provisions of the PSTCA." *Wise v. Omaha Public Schools*, 714 N.W.2d 19, 23 (Neb. 2006).

[2] "While not a jurisdictional prerequisite, the filing or presentment of a claim to the appropriate political subdivision is a condition precedent to commencement of a suit under the Tort Claims Act." *Jacobson v. Shresta*, 838 N.W.2d 19, 31 (Neb.App. 2013), *aff'd*, 849 N.W.2d 515 (Neb. 2014).

[3] Neb. Rev. Stat. § 13-906 provides that "[n]o suit shall be permitted under the Political Subdivisions Tort Claims Act ... unless the governing body of the political subdivision has made final disposition of the claim, except that if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under such act and sections."

dismiss the plaintiff's complaint pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure (Filing No. 14, at CM/ECF p. 1).[4]  For simplicity's sake, this filing will be referred to as "the hospital defendants' motion to dismiss." The motion states, among other things, that:

1.     The Hospital is a political subdivision separate and distinct from the County of Franklin.

2.     According to Neb. Rev. Stat. § 13-905, notice of claims against a political subdivision must be filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision....

3.     Jeff Loschen, the Secretary of the Board of Trustees of the Hospital, is the official whose duty it is to maintain the official records of the Hospital. (Loschen affidavit [Filing No. 16-1], ¶ 2).

4.     Plaintiff has failed to timely file notice of his claim with Mr. Loschen and has failed to allege facts in his Complaint establishing this condition precedent to filing suit....

***

7.     Plaintiff did not serve the chief executive officer of the Hospital under Fed. R. Civ. P. 4(j)(2)(A).

8.     Rather, Plaintiff served "County of Franklin, a body politic and corporate d/b/a Franklin County Memorial Hospital and d/b/a Franklin County Memorial Hospital Pool Medical Clinic." (Filing No. 7). The summons giving rise to this proof of service was directed to "Marcia Volk, Franklin County Clerk." (Filing No. 6).

***

---

[4] In the signature block, the motioning defendants are identified as "Franklin County Memorial Hospital Pool Medical Clinic, Daniel E. Mazour, M.D., and Tonda Mattison, R.N" (Filing No. 14, at CM/ECF p. 4).

-3-

10.    Plaintiff did not comply with Neb. Rev. Stat. § 25-510.02, setting forth the procedure for service of a political subdivision. This statute allows service on the chief executive officer, clerk, secretary, or other official whose duty it is to maintain the official records, or any member of the governing board or body, or by certified mail to the principal office of the political subdivision.

11.    ... Marcia Volk is not the chief executive officer, clerk, secretary, or official whose duty it is to maintain the official records of the Hospital. Nor is she a member of the governing board or body of the Hospital.... Plaintiff did not serve the Complaint and Summons at the principal office of the Hospital....

12.    Alternatively, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction because diversity jurisdiction under 28 U.S.C. § 1332 is lacking.

(Filing No. 14, at CM/ECF pp. 1-3).  The motion to dismiss was supported by a brief (Filing No. 15) and index of evidence (Filing No. 16).

A few days later, on June 27, 2014, "the County of Franklin, Nebraska," filed an answer (Filing No. 17) and also a motion for summary judgment (Filing No. 18). The motion states that:

1.    The County of Franklin, Nebraska, does not "do business as" Franklin County Memorial Hospital or Franklin County Memorial Hospital Pool Medical Clinic, and as such is improperly named and identified in the Complaint herein. The Defendant identified by Plaintiff herein as, "County of Franklin, d/b/a Franklin County Memorial Hospital and d/b/a Franklin County Memorial Hospital Poll Medical Clinic" does not exist. Rather, Franklin County and Franklin County Memorial Hospital (which may do business under other tradenames such as Franklin County Memorial Hospital Pool Clinic) are separate legal entities and separate political subdivisions for purposes of the Nebraska Political Subdivisions Tort Claims Act, at Neb. Rev. Stat. § 13-901, *et. seq.*, and further, pursuant to Neb. Rev. Stat.§ 23-3501, *et. seq.*, and other applicable law. The County was not sued herein in its proper legal

-4-

name pursuant to Neb. Rev. Stat. § 23-101. The County is not the proper legal entity to respond to Plaintiff's allegations. Franklin County Memorial Hospital is operated and managed not by the County, but by a Board of Trustees, and a hospital administrator appointed by such Board of Trustees, pursuant to applicable law.

2.     The County of Franklin, Nebraska, does not have any employment relationship, agency relationship, control, or authority whatsoever over Daniel E. Mazour, M.D., Tonda Mattison, R.N., or any other person who worked at Franklin County Memorial Hospital or who had contact with the Plaintiff's decedent as referenced in the Complaint herein. The County of Franklin, Nebraska, does not have any power or authority over who is hired by Franklin County Memorial Hospital, nor does it have any supervisory authority over such persons. The County of Franklin, Nebraska, did not owe any legal duty to Plaintiff's decedent with respect to the allegations advanced in the Complaint.

3.     There exists no legal basis for liability against the County of Franklin, Nebraska, for the allegations and claims set forth in Plaintiff's Complaint.

4.     The summons served upon the County of Franklin, Nebraska was directed to an entity that does not exist, and there is a resulting lack of sufficient process, insufficient service of process, and a lack of personal jurisdiction over the County.

5.     The County of Franklin, Nebraska is entitled to sovereign immunity or Plaintiff's claims are otherwise barred under the Nebraska Political Subdivisions Tort Claims Act, due to noncompliance by Plaintiff with Neb. Rev. Stat. § 13-905 and § 13-919(1), because his "Notices of Claim" were not "tort claims" alleging any negligent acts of any County "employees" as defined in Neb. Rev. Stat. § 13-903(3) and (4), and were not directed to the County of Franklin, Nebraska.

(Filing No. 18, at CM/ECF pp. 1-2). The motion for summary judgment was supported by a brief (Filing No. 20)[5] and index of evidence (Filing No. 19).

The plaintiff responded to the motion to dismiss on July 15, 2014 (Filing Nos. 22, 23),[6] and to the motion for summary judgment on July 18, 2014 (Filing Nos. 25, 26, 27). However, on August 5, 2014, after the defendants had already replied (Filing Nos. 32, 33, 34, 35), the plaintiff moved "to defer ruling on the hospital's motion to dismiss and the county's motion for summary judgment; and for an Order granting him additional time to complete discovery and present essential facts needed to justify his opposition to the motions filed by the defendants ..." (Filing No. 36). The plaintiff's motion was supported by a brief (Filing No. 39) and index of evidence (Filing No. 38).

The following week, on August 14, 2014, the plaintiff filed a motion for leave to amend his complaint to allege "in the alternative that, that [*sic*] if Franklin County Memorial Hospital is a political subdivision of the State of Nebraska, then the hospital will not be prejudiced in defending on the merits, because the hospital knew, that the action would have been brought against it, but for the mistake concerning the proper party's identity, and that the facts alleged in the amended complaint arose out of the same occurrence as the original pleading" (Filing No. 40). The plaintiff also filed a proposed amended complaint (Filing No. 40-1) and supporting brief (Filing No. 41).

On September 11, 2014, the plaintiff filed a supplemental index of evidence (Filing No. 45) in support of both motions. The defendants filed timely briefs in opposition to the plaintiff's motions (Filing Nos. 42, 43, 44) and objected to the supplemental index of evidence (Filing No. 46).

---

[5] Supplemental authority was filed on February 6, 2015 (Filing No. 56), with leave of court.

[6] An amended brief (Filing No. 24) was filed on July 16, 2014.

On October 29, 2014, Magistrate Judge Cheryl R. Zwart made certain findings and recommended that the plaintiff's motion for leave to amend be denied as futile (Filing No. 47). She also entered an order denying the plaintiff's motion for pre-ruling discovery and the defendants' objections to the supplemental index of evidence (*id.*). On November 12, 2014, the plaintiff filed a statement of objections to the findings, recommendation, and order (Filing No. 48), together with a supporting brief (Filing No. 49). The defendants filed opposing briefs (Filing Nos. 50, 51).

On February 13, 2015, the plaintiff filed a second motion for leave to amend his complaint to allege "that the acts and omissions of the administrator of the Franklin County Memorial Hospital create a fact question as to whether she acted in a manner calculated to induce people to suppose her to be the occupant of one of the offices named in Neb. Rev. Stat. § 13-905 ..." (Filing No. 57). The plaintiff also filed a proposed amended complaint (Filing No. 57-1)[7] and supporting brief (Filing No. 58). The defendants filed an opposing brief (Filing No. 59).

On February 18, 2015, Judge Zwart made certain findings and recommended that the plaintiff's second motion for leave to amend also be denied as futile (Filing No. 60). On February 25, 2015, the plaintiff filed a statement of objections to the findings and recommendation (Filing No. 61). The defendants responded on March 6 and 11, 2015 (Filing Nos. 64, 66).

On March 2, 2015, I entered a memorandum and order (Filing No. 62) which addressed a jurisdictional issue raised by the motion to dismiss. I concluded that while the plaintiff is not "the legal representative of the estate of a decedent" within the

---

[7] The proposed pleading is erroneously captioned "Second Amended Complaint." On March 10, 2015, the plaintiff supplemented the motion to comply with NECivR 15.1(a) by identifying the proposed amendments (Filing No. 65). The defendants filed a brief in opposition to the supplement on March 17, 2015 (Filing No. 67).

-7-

meaning of 28 U.S.C. § 1362(c)(2), and, consequently, is not "deemed to be a citizen only of the same State as the decedent" (*i.e.*, Nebraska), the plaintiff's allegation that he is a "resident" of Wisconsin is not sufficient for purposes of determining whether diversity jurisdiction exists.

I therefore directed the plaintiff to file an affidavit or declaration establishing which state he was a citizen of at the time of commencement of this action. This was accomplished on March 4, 2015, with the plaintiff stating in an affidavit that he "left Nebraska and moved to Racine, Wisconsin on December 15, 2013 ... intend[ing] to make Wisconsin [his] permanent home," that he registered for classes at a technical college in Kenosha, Wisconsin, in January 2014, obtained a Wisconsin commercial drivers license in February 2014, and started working at the technical college in May 2014, and that he "was a citizen of Wisconsin at the time this lawsuit was filed on April 29, 2014" (Filing No. 63).

Franklin County, of course, "is a body politic and corporate in the State of Nebraska, and ... a political subdivision of the State of Nebraska" (Answer (Filing No. 17), ¶ 7). Although the plaintiff in his complaint does not acknowledge that the county hospital is a separate legal entity, and vaguely alleges that Dr. Mazour and Nurse Mattison are "residents" of Nebraska, it is represented in the brief filed in support of the hospital defendants' motion to dismiss that "[f]or purposes of a diversity jurisdiction analysis, all Defendants are residents of and *domiciled* in the State of Nebraska (Filing No. 15, at CM/ECF p. 15 (emphasis supplied)). "For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous." *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). Thus, complete diversity exists.

The plaintiff alleges "the amount in controversy exceeds Seventy-five thousand and no/100ths dollars ($75,000.00) exclusive of interest and costs (Complaint, ¶ 2). Because this allegation appears to be made in good faith, and it does not "appear[ ] to a legal certainty that the claim is really for less than the jurisdictional amount," *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 931

-8-

(8th Cir. 2010) (stating test for determining jurisdictional fact), I am satisfied that the court has subject matter jurisdiction.

Now that the court's jurisdiction to entertain this action has been established, I must rule on eight filings:

1.  Filing No. 14, the motion to dismiss filed by the hospital defendants.

2.  Filing No. 18, the county's motion for summary judgment.

3.  Filing No. 40, the plaintiff's first motion to amend.

4.  Filing No. 47, Judge Zwart's findings, recommendation, and order entered on October 29, 2014.

5.  Filing No. 48, the plaintiff's statement of objections to the October 29th findings, recommendation, and order.

6.  Filing No. 57, the plaintiff's second motion to amend.

7.  Filing No. 60, Judge Zwart's findings and recommendation entered on February 18, 2015.

8.  Filing No. 61, the plaintiff's statement of objections to the February 18th findings and recommendation.

## II. DISCUSSION

For the reasons discussed below, Judge Zwart's order will be sustained and her findings and recommendations will be adopted, the plaintiff's objections and motions will be denied, and the defendants' motions will be granted in part and denied in part. As a result of these rulings, a final judgment will be entered dismissing the action without prejudice as against Franklin County Memorial Hospital and Franklin County Memorial Hospital Pool Medical Clinic, and with prejudice as against the County of Franklin, Daniel E. Mazour, M.D., and Tonda Mattison, R.N.

-9-

*A. Pre-Ruling Discovery*

I find and conclude after review conducted pursuant to 28 U.S.C. § 636(b) and NECivR 72.2 that Judge Zwart's order denying pre-ruling discovery is not clearly erroneous or contrary to law. Therefore, Judge Zwart's order (Filing No. 47) will be sustained, and the plaintiff's objections thereto (Filing No. 48) will be denied.

The plaintiff "move[d] this Court for an Order under Federal Rules of Civil Procedure 12(d), 12 (i), 56(d), and other federal law, to defer ruling on the hospital's motion to dismiss and the county's motion for summary judgment" while the plaintiff "complete[d] discovery" (Filing No. 36). In support of this motion, the plaintiff asserted that: (1) the law is unsettled whether a county hospital is a separate political subdivision of the State of Nebraska; (2) the hospital is equitably estopped from denying that it received proper notice of the tort claim; and (3) the hospital board had actual notice of the claim (*i.e.*, there was substantial compliance with the PSTCA).

Regarding the plaintiff's first assertion, Judge Zwart denied the motion for pre-ruling discovery "[c]oncerning the issue whether the county owns and operates the hospital" (Filing No. 36, at CM/ECF p. 2) because, among other reasons, "the underlying question of whether the Hospital is a political subdivision, separate from the County[,] ... is, predominantly, an issue of law" (Filing No. 47, at CM/ECF p. 4). On January 16, 2015, less than three months after Judge Zwart's order was entered, the Nebraska Supreme Court conclusively settled this issue by declaring "as a matter of law, a county hospital is a legal entity and political subdivision separate from the county itself." *Brothers v. Kimball County Hospital*, 857 N.W.2d 789, 799 (Neb. 2015).

The plaintiff "concedes that the law is now settled in Nebraska that a county hospital is a separate and independent political subdivision and not a mere agency of the county," but contends the Nebraska Supreme Court's decision "does not preclude Plaintiff's equitable estoppel theory of recovery" against the hospital (Filing No. 55,

-10-

at CM/ECF p. 1). "The essence of Plaintiff's theory of recovery is that the hospital administrator, as an agent of the governing board of the hospital, had a duty under the PSTCA to respond to claimant's previous attorney's written question as to whether <u>she was the proper person to receive the claimant's tort claim</u>" (*id.* (underlining in original)).[8]

Regarding the plaintiff's equitable estoppel theory, Judge Zwart observed that while "[t]he affidavit of plaintiff's counsel adequately identifies the specific facts he hopes to elicit through discovery and that those facts actually exist[,] ... the court is not convinced the facts are essential to resolving the notice issues raised in the defendant's motion for summary judgment" (Filing No. <u>47</u>, at CM/ECF p. 5).[9] She

---

[8] The notice of claim sent to the hospital administrator concludes with the following statement:

> If I have not properly notified the appropriate individuals of Franklin County Memorial Hospital, I would appreciate you advising me of such. I have enclosed a copy of the letter to submit to your liability insurance carrier.

(Filing No. <u>19-17</u>, at CM/ECF p. 3). The notice also states unequivocally that "Franklin County Memorial Hospital is a political subdivision" (*id.*, at CM/ECF p. 2). Because this document is referred to directly in the plaintiff's complaint, and its authenticity is not questioned, it may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013).*

[9] The "notice issues" are actually raised in the motion to dismiss filed by the hospital defendants, and not in the motion for summary judgment filed by the county. Although Judge Zwart determined that the plaintiff's motion was governed by <u>Rule 56(d) of the Federal Rules of Civil Procedure</u> (providing that a court may "allow time ... to take discovery" when a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"), the protections afforded by <u>Rule 56(d)</u> would not apply unless the hospital defendants' <u>Rule 12(b)(6)</u> motion were to be converted into a

explained:

> The plaintiff does not argue that Bush [the hospital administrator], or anyone acting on behalf of the defendants, affirmatively misidentified the proper person for receiving a notice of claim: And even if such an argument was raised, Plaintiff's counsel could present those facts himself, without the need to depose Bush or file meeting minutes. Instead, the plaintiff claims estoppel should apply because the letter sent to Bush asked her to advise counsel if someone else needed to be served, and despite this request, Bush did not inform counsel of his mistake. But as explained in *McElwee* [*Estate of McElwee v. Omaha Transit Auth.*, 266 Neb. 317, 664 N.W.2d 461 (2003)], "[Bush] did not reply to or acknowledge the plaintiff's 'claim' or otherwise lull the plaintiff into a false sense of security regarding the purported filing. There is no legal duty on the part of a political subdivision, or any other party, to inform an adversary of the existence of a statute of limitations or other nuance of the law." *Estate of McElwee*, 266 Neb. at 326-327, 664 N.W.2d at 469. Absent a duty to inform, neither the defendants' silence toward Plaintiff's counsel nor the facts showing how Bush and the Hospital's Board of Trustees responded to Bush's receipt of the notice are relevant to deciding if dismissal is warranted because the plaintiff served the notice on the wrong person.

---

motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion." *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Casazza v. Kiser*, 313 F.3d 414, 417 (8th Cir. 2002) (alteration in original)). "A court has wide discretion in electing to consider matters outside the pleadings." *Packard v. Darveau*, 759 F.3d 897, 905 (8th Cir. 2014) (finding no abuse of discretion in refusal to consider plaintiff's evidence where district court predicted Nebraska Supreme Court, under facts alleged, would determine as a matter of law that defendant owed no legal duty to plaintiff).

(Filing No. 47, at CM/ECF p. 7).  Judge Zwart correctly determined that the plaintiff's equitable estoppel theory does not require any discovery by the plaintiff.

Finally, regarding the plaintiff's assertion that the hospital board had actual notice of the claim, Judge Zwart concluded that even if this could be proved, it would not excuse the plaintiff's failure to comply with the PSTCA. She stated:

> Under Nebraska law, a notice of claim may be sufficient if its contents substantially comply with the requirements of the PSTCA. But Nebraska has not extended the substantial compliance doctrine to include notices which was [*sic*] never sent to or received by a person or entity specifically designated to receive notice under the PSTCA. "[T]he substantial compliance doctrine [is] inapplicable to situations in which the political subdivision contends the claim was not filed with a recipient designated by § 13-905." *Estate of McElwee v. Omaha Transit Authority,* 266 Neb. 317, 322, 664 N.W.2d 461, 466 (2003). *See also, Willis v. City of Lincoln,* 232 Neb. 533, 539, 441 N.W.2d 846, 850 (1989); *Shrum* [*v. Kluck,* 85 F.Supp.2d 950, 954-55 (D. Neb. 2000)] (Kopf, J., presiding) ("[Plaintiff's] attempt to invoke the substantial compliance doctrine is unavailing because, under decisions of the Nebraska Supreme Court, that doctrine applies only to the content of a properly filed written notice."). "[C]ourts applying Nebraska law have consistently rejected arguments that the notice requirement of the Act can be satisfied by claims presented to persons other than those specifically designated by § 13-905." *Estate of McElwee,* 266 Neb. at 323, 664 N.W.2d at 467 (collecting cases).[10]

---

[10] The most recent decision in this line of cases is *Brothers*, in which the Nebraska Supreme Court stated:

> We recognize that the result is harsh, particularly where the purpose of the written notice requirement has been satisfied. The evidence showed that the governing body—the board of trustees—was aware of and discussed Brothers' claim shortly after his treatment at Kimball County Hospital. However, Brothers' claim was not filed with the statutorily designated person. If the Legislature wishes to allow for substantial

Under Nebraska law, if the Hospital administrator was not designated to receive notice of plaintiff's tort claim under the PSTCA, additional facts showing the administrator passed the notice on to the Hospital's Board of Trustees, the County Attorney, the Hospital's insurer, or the County Board would not defeat the defendants' claim of improper notice. As to the issue of who is served, defendants' actual notice is not sufficient if the plaintiff failed to comply with the PSTCA. Therefore, the evidence the plaintiff seeks through the deposition testimony of Linda Bush and the Board of Trustees' minutes is not relevant, much less essential, to deciding the notice issues raised in the defendants' pending dispositive motions.

(*Id.*, at CM/ECF pp. 5-6). This is a correct statement of the law. Indeed, the plaintiff in his most recent brief "concedes that valid claims are only those which are filed with the occupant of the one of the offices listed in Neb. Rev. Stat. §13-905" and "that the doctrine of substantial compliance does not apply to rescue a tort claimant who filed the tort claim with the wrong person" (Filing No. 61, at CM/ECF p. 1).[11]

### B. Amendment of Complaint

I find and conclude after review conducted pursuant to 28 U.S.C. § 636(b) and NECivR 72.2 that Judge Zwart has correctly found the facts and applied the law in recommending that the plaintiff not be granted leave to amend his complaint.

---

compliance in such a situation, it has the power to amend the statute. It is not our province to do so.

857 N.W.2d at 801-02.

[11] However, the plaintiff persists in his argument that "equitable estoppel remains a theory of recovery because a fact question is presented when an employee of the political subdivision 'was acting in such a capacity in a way calculated to induce people, without inquiry, to suppose her to be the occupant of one of those offices'" (Filing No. 61, at CM/ECF p. 2 (quoting *Estate of McElwee*, 664 N.W.2d at 467)).

-14-

Therefore, her findings and recommendations (Filings No. 47, 60) will be adopted, the plaintiff's objections thereto (Filing Nos. 48, 61) will be denied, and the plaintiff's motions to amend (Filing Nos. 40, 57) will be denied.

The plaintiff first sought to amend his complaint to allege that even if Franklin County Memorial Hospital is a separate political subdivision, there is no prejudice because the hospital knew the action would have been brought against it "but for the mistake concerning the proper party's identity" (Filing No. 40, at CM/ECF p. 1).[12] Judge Zwart determined that the proposed amendment would be futile because "[t]he plaintiff failed to properly serve notice of his tort claim on the correct person and, as such, he cannot assert a valid claim against either the County or the Hospital under the PSTCA" (Filing No. 47, at CM/ECF p. 8).

The plaintiff next sought to amend his complaint to allege "that the acts and omissions of the [hospital] administrator ... create a factual question as to whether she acted in a manner calculated to induce people to suppose her to be the occupant of one of the offices named in Neb. Rev. Stat. § 13-905, ..." (Filing No. 57, at CM/ECF p. 1). Judge Zwart compared the two proposed amended complaints and concluded that the plaintiff's revised allegations "do not impact the analysis and result set forth in the Findings and Recommendation already under appeal" (Filing No. 60, at CM/ECF p. 1).

In both proposed pleadings, the plaintiff alleges that the hospital administrator "sought legal counsel from the Franklin County Attorney concerning the tort claim" and "chose not notify Plaintiff's counsel and disclose the identity of the person who

---

[12] The plaintiff argues that an amendment to add Franklin County Memorial Hospital as a defendant (or to change the name of the defendant from "County of Franklin d/b/a Franklin County Memorial Hospital") would relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c)(1)(B) (Filing No. 41, at CM/ECF p. 3). It is not necessary to address this argument because of the plaintiff's failure to comply with the PSTCA's notice requirement.

-15-

should receive the tort claim" (Filing No. 40-1, ¶¶ 45, 46; Filing No. 57-1, ¶¶ 40, 41). Even if the hospital administrator intentionally made no response to the request in the notice of claim that she "advise" the plaintiff's previous attorney if he had "not properly notified the appropriate individuals of Franklin County Memorial Hospital," (Filing No. 19-17, at CM/ECF p. 3), "one of the elements that must be shown in order to establish equitable estoppel is reliance, in good faith, upon the conduct or statements of the party to be estopped." *Woodard v. City of Lincoln*, 588 N.W.2d 831, 838 (Neb. 1999) (city not estopped from relying on PSTCA's notice of claim requirements where plaintiff relied on actual notice city had received in connection with claim, rather than relying on any conduct by city). Because the hospital administrator had no duty to advise the plaintiff's attorney that the notice of claim was not filed in accordance with law, *see Estate of McElwee*, 664 N.W.2d at 469, her silence did not give rise to estoppel.

"To sustain an estoppel because of the omission to speak, there must be both the specific opportunity and the apparent *duty* to speak." *Scottsbluff Nat. Bank v. Blue J Feeds, Inc.*, 54 N.W.2d 392, 402 (Neb. 1952) (quoting *Scharman v. Scharman*, 56 N.W. 704 (Neb. 1893) (emphasis supplied)). "Furthermore, in accordance with well settled general principles governing equitable estoppels, no estoppel can arise where all the parties interested have equal knowledge of the facts, or where the party setting up the estoppel is chargeable with notice of the facts, or is equally negligent or at fault." *Id.* (quoting 31 C.J.S., *Estoppel*, § 103, p. 329); *Estate of McElwee*, 664 N.W.2d at 469 ("An estoppel cannot arise where the party claiming estoppel is equally negligent or at fault.").

The PSTCA requires a tort claim to "be filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision ...." Neb. Rev. Stat. § 13-905. By statute, county hospitals are governed by a board of trustees, and the board is required annually to "elect a trustee to serve as chairperson, one as secretary, and one as treasurer." Neb. Rev. Stat. § 23-3502(5). The plaintiff's previous attorney did not select the obvious choice—the secretary of the board of

-16-

trustees—as the recipient of the tort claim, but instead made the unilateral mistake of mailing the notice to the hospital administrator. The proposed amendments to the plaintiff's complaint fail to overcome this obstacle.

### C. Motion to Dismiss

The hospital defendants' motion to dismiss is made pursuant to subsections (1), (5), and (6) of Federal Rule of Civil Procedure 12(b).

For the reasons already discussed, I find that subject matter jurisdiction exists. The Rule 12(b)(1) motion therefore will be denied.

Regarding the 12(b)(5) motion, the hospital objects that "Plaintiff did not serve the chief executive officer of the Hospital under Fed. R. Civ. P. 4(j)(2)(A)." (Filing No. 14, ¶ 7.) "Rather, Plaintiff served 'County of Franklin, a body politic and corporate d/b/a Franklin County Memorial Hospital and d/b/a Franklin County Memorial Hospital Pool Medical Clinic.' (Filing No. 7)" (*id.*, ¶ 8). "The summons giving rise to this proof of service was directed to 'Marcia Volk, Franklin County Clerk.' (Filing No. 6)" (*id.*).  No objection is made to the sufficiency of the service of process that was made upon Dr. Mazour and Nurse Mattison.

A "state-created governmental organization" must be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer" or by "(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In Nebraska, a political subdivision "may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer, clerk, secretary, or other official whose duty it is to maintain the official records, or any member of the governing board or body, or by certified mail or designated delivery service to the principal office of the political subdivision." Neb. Rev. Stat. § 25-510.02(3). Because service of process on the hospital was not accomplished by serving the county clerk,

the Rule 12(b)(5) motion will be granted and the complaint will be dismissed without prejudice as against Franklin County Memorial Hospital and Franklin County Memorial Hospital Pool Medical Clinic.[13]

Because Franklin County Memorial Hospital and Franklin County Memorial Hospital Pool Medical Clinic are identified in the complaint and summons as "doing-business-as" names for Franklin County, and not as  parties defendant, dismissal is also appropriate under Federal Rule of Civil Procedure 12(b)(4), for insufficient process. *See, e.g., Stokes v. JPMorgan Chase Bank, NA*, Civil No. JFM 8:11-cv-02620, 2012 WL 527600, *5-6  (D.Md. Feb. 16, 2012) (granting motion to quash under Rules 12(b)(4) and 12(b)(5) where summons naming defendant, "Barclays, PLC," was served on non-party, "Barclay's Bank LC"); *Wasson v. Riverside County*, 237 F.R.D. 423, 424-25 (C.D.Cal. 2006) (granting motion dismiss under Rules 12(b)(4) and 12(b)(5) where nonparty school district not properly served).[14]

---

[13]*See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). There is no reason to permit additional time for service because, as determined by Judge Zwart, it would be futile to bring the hospital into the action. *See also* Neb. Rev. Stat. § 25-217 ("The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed."); *Davis v. Choctaw Const., Inc.*, 789 N.W.2d 698, 701 (Neb. 2010) ("This court and the Nebraska Court of Appeals have repeatedly held that this statute is self-executing, so that an action is dismissed by operation of law, without any action by either the defendant or the court, as to any defendant who is named in the action and not served with process within 6 months after the complaint is filed."); *Reg Max II, L.L.C. v. Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C.*, No. 4:05CV3105, 2006 WL 2168925, at *1 (D.Neb. July 31, 2006) (applying § 25-217 in diversity action).

[14] The distinction between Rules 12(b)(4) and 12(b)(5) is:

An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the

The Rule 12(b)(6) motion will be granted with respect to the claims alleged against Dr. Mazour and Nurse Mattison. The bylaws of the Board of Trustees of the Franklin County Memorial Hospital provide that "[t]he Secretary shall ... act as custodian of all records and reports" (Filing No. 16-1, at CM/ECF p. 6).[15] Because the plaintiff's tort claim was not "filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision," Neb. Rev. Stat. § 13-905, the complaint fails to state a claim upon relief may be granted against these hospital employees.[16] *See* Brothers, 857 N.W.2d at 801-02 (filing notice of claim of

---

provisions of [former] Rule 4(b) or any applicable provision incorporated by [former] Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.

5A Wright & Miller, *Federal Practice and Procedure*, § 1353 (3d ed. 2004) (footnote omitted). The required contents of a summons are now listed in Rule 4(a). One requirement is that "[a] summons must ... be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B).

[15] The Board of Trustees' bylaws, rules, and regulations are required to be filed with the county board, *see* Neb. Rev. Stat. § 23-3505(2), and are public records. *See* Neb. Rev. Stat. § 84-712.01. When ruling on a motion to dismiss under Rule 12(b)(6), a district court is permitted to consider a pubic record even if not mentioned expressly in the pleadings. *Noble Systems Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008).

[16] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement." *Id.* (quoting

-19-

medical malpractice action on hospital's CEO did not satisfy PSTCA's requirement that notice be filed with secretary of hospital's board of trustees; district court properly dismissed claims against hospital and physician employee).

### D. Motion for Summary Judgment

The county argues it was not sued by the correct name, because Neb. Rev. Stat. § 23-101 provides that "each county ... shall be a body politic and corporate, by the name and style of The county of _____, and by that name may sue and be sued ...." The complaint identifies this defendant as "County of Franklin, a body politic and corporate, d/b/a/ Franklin County Memorial Hospital and d/b/a Franklin County Memorial Hospital Pool Medical Clinic." Although the county objects to the "d/b/a" designations, this additional language is mere surplusage.

As a matter of law, and as shown by the evidence, the County of Franklin does not do business as either the Franklin County Memorial Hospital or the Franklin County Memorial Hospital Pool Medical Clinic. "Because the county hospital is a separate legal entity and control of the hospital's employees is entrusted to that entity, it necessarily follows that the county has no liability for the acts of a county hospital's employees." Brothers, 857 N.W.2d at 798. Thus, the county's motion for summary judgment will be granted. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Because of this disposition, it is not necessary to reach the county's claim of sovereign immunity.

---

Twombly, 550 U.S. at 557). Determining whether a complaint crosses over the plausibility threshold is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

*III. CONCLUSION*

The plaintiff's previous attorney made an unfortunate mistake by not filing the tort claim with the secretary of the county hospital's board of trustees, but it is not possible to salvage the claim by suing the county or by attempting to invoke equitable principles of substantial compliance and estoppel.

Accordingly,

IT IS ORDERED:

1. The magistrate judge's findings and recommendations (Filing Nos. 47, 60) are adopted.

2. The magistrate judges's order denying pre-ruling discovery (Filing No. 47) is sustained and shall not be disturbed.

3. The plaintiff's statements of objections (Filing Nos. 48, 61) are denied.

4. The plaintiff's motions for leave to amend (Filing Nos. 40, 57) are denied.

5. The hospital defendants' motion to dismiss (Filing No. 14) is granted in part and denied in part, as follows:

   a. The Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is denied.

   b. The Rule 12(b)(5) motion to dismiss for insufficiency of service of process is granted with respect to Franklin County Memorial Hospital and Franklin County Memorial Hospital Pool Medical

Clinic, and any and all claims alleged against said entities are dismissed without prejudice.

c.     The Rule 12(b)(6) motion to dismiss for failure to state a claim is granted with respect to Daniel E. Mazour, M.D., and Tonda Mattison, R.N., and all claims alleged against these two defendants are dismissed with prejudice.

6.     The county's motion for summary judgment (Filing No. 18) is granted, and the plaintiff's action is dismissed with prejudice as against the County of Franklin.

7.     Judgment shall be entered by separate document.

March 31, 2015.                      BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     Senior United States District Judge

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.